UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MERCEDES LOTT AND MALCOLM TATE                                                        PLAINTIFFS

V.                                                                CIVIL ACTION NO. 3:17-CV-872-DPJ-FKB

VIVINT, INC. AND
SMART HOME PROS, INC.                                                                  DEFENDANTS

ORDER

Defendants ask the Court to dismiss this action based, in part, on the forum-selection clause in Plaintiffs' employment contracts, which specifies that any suit must be filed in Utah. Although Plaintiffs Mercedes Lott and Malcolm Tate say the clause is unenforceable, the Court concludes otherwise.

I.      Facts and Procedural History

In summer 2017, Plaintiffs travelled to West Texas to work for Vivint, Inc., and Smart Home Pros, Inc., as door-to-door home-security sales representatives. Compl. [1] at 3–4. But the jobs were not what they expected, as they envisioned working outside, selling home-security systems on commission. *Id.* Plaintiffs allege they were instead forced to work 65–70 hours a week, attend lengthy daily meetings, lie to customers about service contracts and charges, and hand off new customers to call-center representatives in Utah to complete the sales. *Id.* at 4–7. Plaintiffs also say Defendants improperly classified them as exempt from the Fair Labor Standards Act ("FLSA") to avoid paying minimum wage and overtime. *Id.* at 8. And when they complained about the pay, working conditions, and fraudulent sales practices, Defendants terminated their employment. *Id.* at 7.

Plaintiffs, both of whom are Mississippi residents, filed suit in federal court. They advanced claims under the FLSA (count one) and RICO (count five), as well as state-law claims

for fraud (count two), breach of contract (count three), and wrongful discharge (count four). Defendants responded by filing a motion to dismiss, contending: (1) the employment agreements contain binding forum-selection clauses that mandate suit in Utah state court; and (2) Plaintiffs failed to state a plausible claim. Because the first argument is dispositive, the Court will not address the second.

II.     Standard

Forum-selection clauses are generally enforceable "in all but the most unusual cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013) (citation omitted). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60.

Under *forum non conveniens*, the court weighs both public-interest and private-interest factors. *Id.* at 53. But

> [t]he presence of a valid forum-selection clause simplifies this analysis in two ways. "First, the plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Atl. Marine*, 134 S. Ct. at 581–82. Second, the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only." *Id.* at 582.

*Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).

The public-interest factors are:

> [T]he administrative difficulties flowing from court congestion; "the local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (quoting *Gulf Oil Corp. v. Gilbert*, 530 U.S. 501, 509 (1947)). Finally, the party disputing the forum-selection clause bears the "burden of

establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 581.

III.     Analysis

Lott and Tate signed employment contracts containing an identical forum-selection clause on March 29, 2017, and April 27, 2017, respectively. The clause, located four paragraphs above their signature lines, reads:

> 25.  CHOICE OF LAW, JURISDICTION AND VENUE
> The parties agree that this Agreement shall be construed in accordance with, and governed by, the laws of the State of Utah, without regard to the application of conflicts of laws principles. The parties agree that any suit, action or proceeding arising out of or relating to this Agreement must be instituted in a Utah State Court in Salt Lake County or Utah County, Utah and the parties submit to the jurisdiction of either such court provided, however, that a suit for a violation of Paragraph 15, 16, or 17 may be subject to the Arbitration Proceeding pursuant to Paragraph 18 above as defined in Schedule 4 hereto.

Lott Contract [5-1] at 11; Tate Contract [5-1] at 32.

The parties share common ground on two points. First, they agree the Utah choice-of-law clause is binding and valid. Pls.' Resp. [9] at 4–5; Reply [12] at 2. Second, they agree that the forum-selection clause is mandatory. *See* Defs.' Mem. [6] at 11; Pls.' Resp. [9] at 4.

The dispute is whether the forum-selection clause is enforceable. In their opening Memorandum, Defendants correctly expounded upon the enforceability of the mandatory forum-selection clause under the doctrine of *forum non conveniens*, particularly as it relates to weighing the appropriate public-interest factors. Defs.' Mem. [6] at 5–8. Plaintiffs ignore that analysis and make two general arguments in response. First, they say Defendants misled them into signing the contracts and it would be unfair to force them to litigate in the venue that they agreed to because Defendants have a strong presence there. Pls.' Resp. [9] at 5–6. Second, they say

3

private-interest factors disfavor enforcement. *Id*. at 6. For both issues, they rely on arguably more favorable Utah law pursuant to the contracts' choice-of-law provision. *Id.* at 4–5.

Starting with enforceability, Plaintiffs apply the wrong law. The Fifth Circuit has repeatedly stated that after a court determines a clause is mandatory—a matter of interpretation—it must then decide whether it is enforceable. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016). Significantly, "federal law governs the *enforceability* of a forum selection clause, but the forum state's choice of law rules control what law governs the *interpretation* of the clause." *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 401 (5th Cir. 2016) (citing *Weber*, 811 F.3d at 770). And federal law applies to enforceability "whether jurisdiction be based on diversity, a federal question, or some combination of the two." *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997).

The type of enforceability arguments Plaintiffs seem to make here are like those to which the Fifth Circuit has applied federal law. Generally, there exists a presumption in favor of enforcing these clauses unless the party resisting the clause makes "a clear showing that the clause is 'unreasonable under the circumstances.'" *Id.* at 962 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (quoting *M/S Bremen*, 407 U.S. at 18); *see also Weber,* 811 F.3d at 770).

Plaintiffs' enforceability arguments—apart from the private-interest factors—are not well defined, but they seem to track these same type issues. For example, Plaintiffs block quote

*Energy Claims, Ltd. v. Catalyst Investment Group Ltd.*, where the Utah Supreme Court explained what would constitute an unreasonable forum-selection clause, including one procured through fraud. Pls.' Resp. [9] at 5 (citing 325 P.3d 70 (Utah 2014)). Based on that quotation and Plaintiffs' assertion that they were misled, the Court will assume Plaintiffs are raising enforceability issues like those for which the Fifth Circuit has applied federal law.

As to the argument itself, even if Plaintiffs' claim that they were misled carried the weight of actually pleading fraud in the procurement of the contracts, that would still fall short. They must show that "the incorporation of the [forum-selection clause] into the agreement was the product of fraud or overreaching." *Weber*, 811 F.3d at 770 (citation omitted). "Allegations that the entire contract was procured as the result of fraud or overreaching are inapposite to our forum-selection clause enforceability determination." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (citation omitted, punctuation altered). Plaintiffs have neither averred nor substantively argued that the clauses themselves were procured through fraud or overreaching. Finally, Plaintiffs have not clearly shown any of the other bases for finding a clause unenforceable. Accordingly, the Court concludes that the mandatory forum-selection clauses are enforceable.[1]

---

[1] As to the law that applies to enforceability, Plaintiffs simply say the parties chose Utah law and Utah would recognize such agreements. Pls.' Resp. [9] at 4 (citing *Jacobsen Constr. Co. v. Teton Builders*, 106 P.3d 719, 723 (Utah 2005)). Technically speaking, when state law applies, the Court looks to the forum state's choice-of-law rules. *Barnett*, 831 F.3d at 301. But as said, the Fifth Circuit applies federal law to enforceability issues related to whether the clause is unreasonable. So to the extent Plaintiffs are making such arguments, the Court has applied federal law. Having said that, the Court must note that *Barnett* casts some doubt on that practice. 831 F.3d at 302. There, the plaintiff attempted to avoid a forum-selection clause that was enforceable under federal law by arguing that contract *validity* differs from *enforceability*, and that validity is a state-law issue. *Id.* After noting that the issue is tricky, the Fifth Circuit declined to address it because the claim failed under either state or federal law. *Id.* at 303. Plaintiffs have not made that same argument in this case.

Turning to Plaintiffs' primary argument, they say dismissal must be denied based on the *forum non-conveniens* private-interest factors. *See* Pls.' Resp. [9] at 6–8. They again base their arguments on Utah law, which does consider public-interest factors, at least in some contexts. *Id.* (citing *Energy Claims, Ltd.*, 325 P.3d 70). But the Fifth Circuit has explained that once the Court finds the clause enforceable, it must "apply *Atlantic Marine*'s modified *forum non conveniens* framework." *Barnett*, 831 F.3d at 308–09 (citing *Weber*, 811 F.3d at 776). Under that framework, "the private-interest factors 'weigh entirely in favor of the preselected forum,' so that the 'district court may consider arguments about public-interest factors only.'" *Barnett*, 831 F.3d at 300 (quoting *Atl. Marine*, 134 S. Ct. at 582).

Looking then to the public-interest factors, Plaintiffs never argue that they would preclude enforcement. They would not. *See Piper Aircraft Co.*, 454 U.S. 235, 241 n.6 (outlining factors). First, there is no basis for finding that this Court's docket is any more or less congested than those of the courts in Utah. Second, both states share an equal interest in the litigation. Plaintiffs reside in Mississippi, Defendants are in Utah, and most relevant facts occurred in Texas. *See*, *e.g.*, *Pittman v. Joe K. Pittman Co., LLC*, No. 2:15-CV-114-KS-MTP, 2016 WL 1050299, at *5 (S.D. Miss. Mar. 16, 2016) (enforcing forum-selection clause where parties were from the competing fora, even though events occurred in the forum where plaintiffs sued). Third, it will not burden Utah's citizens to try a case involving the practices of Utah companies. Finally, Utah law applies, so there are no unnecessary problems with conflicts of law; the Utah court will be more familiar with the applicable law. Plaintiffs have not met their burden of showing that the forum-selection clause is unenforceable or that it should be ignored under *forum non-conveniens*.

IV.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the result. Based on the foregoing, Defendants' Motion to Dismiss is granted.

A separate judgment will be entered in accordance with Federal Rules of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2018.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE